UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHUC VU, ET AL.                                CIVIL ACTION

VERSUS                                         NO. 12-1343

DUNE ENERGY, INC., ET AL.                      SECTION "B"(2)

## ORDER AND REASONS

**IT IS ORDERED** that Plaintiffs' Opposed Motion to Remand is **GRANTED**, and the request for costs and attorneys' fees is **DENIED**. (Rec Doc. Nos. 8, 8-1, 9, & 11).

**A. Procedural and Factual History**

Plaintiffs filed suit in 17th Judicial District Court for the Parish of Lafourche on April 16, 2012 after their shrimp boat ran aground on a static underwater object, puncturing the hull. (Rec. Doc. No. 9 at 2); (Rec. Doc. No. 8-1 at 2). The named defendants consisted of the following: the mineral field owners, Dune Energy, Inc., Dune Operating Company, and Dune Properties, Inc., the Dune entities' insurers, St. Paul Surplus Lines Insurance Company, and St. Paul Fire & Marine Insurance Company, an apparently non-existent party, the Travelers Companies, and the allegedly non-diverse defendant, Johnny Plaisance (hereafter "Plaisance").

Plaisance worked as a lease operator on Dune's Leeville Field. (Rec. Doc. No. 9 at 3). Non-defendant Island Operating Co., not Dune, directly employed Plaisance and provided

management and operating services to Dune's mineral field. (Rec. Doc. No. 11 at 1).

On May 24, 2012, Defendants removed this action under the Court's diversity jurisdiction. 28 U.S.C.A. §1441 (West 2012); 28 U.S.C.A. § 1332 (West 2012); (Rec. Doc. No. 1). Plaintiffs then filed to remand the case, claiming that it must be heard in state court due to the lack of diversity of one of the defendants, Johnny Plaisance. (Rec. Doc. No. 8).

**B. Law**

Plaintiffs allege that a lack of subject matter jurisdiction, specifically based upon the Defendants' failure to show complete diversity as required under 28 U.S.C.A. § 1332, requires that the case be remanded to state court pursuant to 28 U.S.C.A. § 1447 (West 2012). A showing of complete diversity is necessary in a removal action where, as here, a federal question does not bequeath original jurisdiction to the federal court. 28 U.S.C.A. § 1441.

Even though the joinder of a single non-diverse defendant generally defeats removal, the case might still be removed if the other defendants can make a showing of "improper joinder" as relates to that non-diverse defendant. 28 U.S.C.A. § 1441 (stating that removal under diversity jurisdiction necessitates

that all "properly" joined defendants be diverse)¹; *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

Improper joinder occurs in the two following scenarios: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quotations omitted). The second condition requires a showing that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.² A merely theoretical possibility of recovery will not suffice. *Travis*, 326 F.3d at 648. Furthermore, a plaintiff cannot merely rest upon his allegations. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

---

¹Although this statute also mentions service of process for removal, that does not affect the underlying requirements for diversity, which looks to the citizenship of all named defendants regardless of service at the time of removal. *See Ott v. Consol. Freightways Corp. of Delaware*, 213 F. Supp. 2d 662, 664 (S.D. Miss. 2002). Thus, even though it appears that the allegedly non-diverse defendant Plaisance has not yet been served, his citizenship cannot be ignored for a determination of diversity as suggested by Defendants. (Rec. Doc. No. 1 at 4).

² With that being said, the Court recognizes the joinder itself as the "focus of the inquiry," as opposed to the merits of the case as to all defendants. *Smallwood*, 385 F.3d at 573-74.

In attempting to show improper joinder, the removing party bears a heavy burden. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994). The court will weigh all contested issues of substantive fact and ambiguities in state law in favor of the non-removing party. *Guillory*, 434 F.3d at 308. In examining the contentions, the court can proceed in one of two ways. *Smallwood*, 385 F.3d at 573. First, the court may conduct an analysis under a process similar to that of a Fed. R. Civ. P. 12(b)(6) motion. *Id.* In evaluating such a motion, the Court examines the pleadings and determines whether a complaint should be should dismissed "for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief." *Thomas v. New Leaders for New Schools*, 278 F.R.D. 347, 350 (E.D. La. 2011). Second, recognizing that the court is not constrained to such an analysis, the court may, on a limited basis, pierce the proceedings and conduct a summary inquiry to reveal "discrete facts that would determine the propriety of joinder." *Id.*; *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000); *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003) (noting that although similar, the scope of inquiry for improper joinder differs from that of a Fed. R. Civ. P. 12(b)(6) motion).

**C. Analysis**

The amount-in-controversy requirement and the diversity of the other defendants are not disputed issues in this case. (Rec. Doc. No. 8). The issue before the Court revolves entirely around the joinder of Plaisance, an allegedly non-diverse defendant. (Rec. Doc. No. 8 at 4).

To show improper joinder, Defendants do not claim actual fraud, but rather that no reasonable basis exists for Plaintiff to recover against Plaisance under state law or general maritime law. (Rec. Doc. No. 9 at 1). Addressing the general maritime claim first, the Court finds the presence of disputed facts as to the duty owed by Plaisance as relates to the submerged object.

Negligence under general maritime law largely mirrors the common-law action for land-based torts. *Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840, 842 (5th Cir. 2005) (citations omitted). As such it requires a showing of "a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by the plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010) (quotations omitted).

Upon a summary judgment inquiry into the record, two affidavits presented by Defendants attest that Plaisance did not have any duty relating to the underwater objects or knowledge of

5

any such objects. (Defs.' Exs. B, C). However, Island Operating Co.'s description of duties of a lease operator support Plaintiffs' contention that Plaisance had a duty to maintain certain aspects of the facility, including underwater objects such as submerged pilings or pipeline markers. (Rec. Doc. No. 11); (Pls.' Ex. B). These duties include management of the leased property and surveillance of the field, as well as training in the area of "marine debris." (Rec. Doc. No. 11 at 3). More importantly, Plaisance, along with Dune's production foreman, served as the Coast Guard's point of contact following the allision incident as well as the responsible party to organize a crew to inspect the hazard. (Defs.' Ex. A). Furthermore, Plaisance continued in this role by later communicating with the Coast Guard to disclose the steps his crew took to mark the object. *Id.* This summary inquiry reveals a disputed question of fact and law as to whether Plaisance had a duty to remedy and should have known of the underwater object. This issue must resolve the inquiry in favor of the plaintiff. *Guillory*, 434 F.3d at 308.

Defendants, primarily contesting the issues of duty and causation, have not challenged the factual allegations concerning the second or third elements of Plaintiffs' negligence claim, a breach of duty (as evidenced by the lack of marking or warning at the time of the allision) and injury to Plaintiffs. (Rec. Doc.

No. 9). Similarly, the third element, the Plaintiffs' injury, goes unchallenged. *Id*. Thus, the Court views these elements in favor of a possibility of recovery by Plaintiffs.

Finally, Defendants' argument rebutting causation ties in with a more fundamental argument also underlying their contention of duty, namely the lack of any ownership, responsibility, or any other association with the actual submerged object by any of the named defendants. (Rec. Doc. No. 9 at 6). This contention by Defendants goes not only to any possible liability for Plaisance, but also goes to the heart of the issue of liability for all of the Defendants. While clearly pertinent to the merits of the overall complaint, a determination of no reasonable basis to predict recovery for the non-diverse defendant is not appropriate where it would prove to be dispositive as to all defendants. *See Smallwood*, 385 F.3d at 574. Putting that argument on the overall merits aside, we find an affirmative answer, subject to rebuttal later, when looking at the narrower question of whether the presumed duty and breach of duty by Plaisance could have caused Plaintiffs' injury resulting from the allision.

Viewing all uncontroverted factual allegations as well as resolving all disputed questions of fact and law in favor of Plaintiffs, the Court finds there is a possibility of recovery against Plaisance under general maritime law.[3]

---

[3] As such, the state-law claims will not be addressed.

**D. Costs**

Plaintiffs request payment of costs and any actual expenses related to the removal under 28 U.S.C.A. 1447 (c). No presumption exists in favor of either granting or denying such an award. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138-39 (2005). Furthermore, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. This decision is left to the district court's discretion. *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010).

Defendants had a reasonable basis, albeit unsuccessful, to remove this action. A state law claim relating to Plaisance's personal liability on these facts would likely fall under the test set forth in *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973).[4] However, a recovery in a case of an individual employee's liability as relates to the malfeasance or nonfeasance of his employment duties only applies when personal injuries are alleged, not to property and emotional damages as alleged here. *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 515-16 (5th Cir. 2009); (Rec. Doc. No. 1 at 5-6). Furthermore,

---

[4] This test requires a showing of the following steps: (1) the employer owes duty of care to the plaintiff; (2) the employer delegates the duty to the employee; (3) the employee has breached the duty of care through personal fault; and (4) the employee has a personal duty towards the plaintiff, and the breach of that duty caused the plaintiff's damages. *Creppel v. Apache Corp.*, CIV.A. 04-865, 2004 WL 1920932 (E.D. La. Aug. 25, 2004) (citing *Canter*, 283 So. 2d at 721).

8

regarding general maritime law, the ultimate question of ownership and responsibility of the submerged object will likely prove dispositive as to all defendants, but is not appropriate at this time for determining propriety of removal, especially based on the individual defendant Plaisance. *Guidry v. Apache Corp. of Delaware*, 236 F. App'x 24, 25 (5th Cir. 2007); *See Smallwood*, 385 F.3d at 574.

Thus, Defendants had an objectively reasonable ground to seek removal based on both state and general maritime law. Therefore, with no other unusual circumstances being shown, costs will not be awarded.

New Orleans, Louisiana, this 7TH day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE